## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **BRIAN CARPENTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **THE LINCOLN NATIONAL LIFE** | ) | **CIVIL ACTION NO.: 4:19-cv-00513** |
| **INSURANCE COMPANY and** | ) | |
| **LINCOLN NATIONAL** | ) | |
| **CORPORATION d/b/a LINCOLN** | ) | |
| **FINANCIAL GROUP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### LINCOLN'S ANSWER TO PLAINTIFF'S
### FIRST AMENDED PETITION

**COME NOW** Defendants, The Lincoln National Life Insurance Company ("LNL")

and Lincoln National Corporation d/b/a/ Lincoln Financial Group ("LNC") (collectively

"Lincoln"),[1] by and through their undersigned counsel of record, and hereby answer

Plaintiff's petition as follows:

### DISCOVERY

1.      The allegations of paragraph 1 are not directed at Lincoln and thus, no

response is required.

---

[1] LNC is not a proper party to this action.  The sole proper defendant is LNL.  This Answer is based on the knowledge of LNL and not LNC, which is a separate entity with no knowledge regarding this dispute.

## STATEMENT OF MONETARY RELIEF

2.      Lincoln admits Plaintiff seeks monetary relief over $1,000,000.   Lincoln denies that Plaintiff is entitled to the damages requested or the relief sought.

## PARTIES AND SERVICE

3.      Lincoln is without sufficient information to admit or deny the allegations of paragraph 3 and, therefore, denies them.

4.      Lincoln admits the allegations of paragraph 4.

5.      Lincoln admits that LNC is a foreign holding company.  Lincoln denies the remaining allegations of paragraph 5.

## JURISDICTION AND VENUE

6.      Lincoln states that this case was removed to this Court from the District Court of Tarrant County, Texas.   Lincoln admits that this Court possesses subject matter jurisdiction.

7.      Lincoln admits that this Court possesses personal jurisdiction over LNL.

8.      Lincoln denies the allegations of paragraph 8.

9.      Lincoln states that this case was removed to this Court from the District Court of Tarrant County, Texas.  Lincoln admits that venue is proper in this Court.  Lincoln denies the remaining allegations of paragraph 9.

## FACTS

10.      Lincoln is without sufficient information to admit or deny the allegations of paragraph 10 and, therefore, denies them.

11.      Lincoln admits it issued a group long-term disability policy, number

000010148780 (the "Policy") to Plaintiff's employer, Tarrant County Hospital District.

12.     Lincoln states that the terms of the Policy speak for themselves.  Lincoln denies the allegations of paragraph 12 to the extent they are inconsistent with the terms of the Policy.

13.     Lincoln states that the terms of the Policy speak for themselves.  Lincoln denies the allegations of paragraph 13 to the extent they are inconsistent with the terms of the Policy.

14.     Lincoln states that the terms of the Policy speak for themselves.  Lincoln denies the allegations of paragraph 14 to the extent they are inconsistent with the terms of the Policy.

15.     Lincoln states that the terms of the Policy speak for themselves.  Lincoln denies the allegations of paragraph 15 to the extent they are inconsistent with the terms of the Policy.

16.     Lincoln states that the terms of the Policy speak for themselves.  Lincoln denies the allegations of paragraph 16 to the extent they are inconsistent with the terms of the Policy.

17.     Lincoln states that the terms of the Policy speak for themselves.  Lincoln denies the allegations of paragraph 17 to the extent they are inconsistent with the terms of the Policy.

18.     Lincoln states that the terms of the Policy speak for themselves.  Lincoln denies the allegations of paragraph 18 to the extent they are inconsistent with the terms of the Policy.

19.     Lincoln is without sufficient information to admit or deny the allegations of paragraph 19 and, therefore, denies them.

20.     Lincoln is without sufficient information to admit or deny the allegations of paragraph 20 and, therefore, denies them.

21.     Lincoln is without sufficient information to admit or deny the allegations of paragraph 21 and, therefore, denies them.

22.     Lincoln states that the referenced claim correspondence speaks for itself. Lincoln denies the allegations of paragraph 22 to the extent they contradict or mischaracterize the referenced claim correspondence.

23.     Lincoln denies the allegations of paragraph 23.

24.     Lincoln states that the referenced claim correspondence speaks for itself. Lincoln denies the allegations of paragraph 24 to the extent they contradict or mischaracterize the referenced claim correspondence.

25.     Lincoln states that the referenced claim correspondence speaks for itself. Lincoln denies the allegations of paragraph 25 to the extent they contradict or mischaracterize the referenced claim correspondence.

26.     Lincoln states that the referenced claim correspondence speaks for itself. Lincoln denies the allegations of paragraph 26 to the extent they contradict or mischaracterize the referenced claim correspondence.

27.     Lincoln states that the referenced claim correspondence and Dr. Graham's report speak for themselves.  Lincoln denies the allegations of paragraph 27 to the extent they contradict or mischaracterize the referenced claim correspondence or Dr. Graham's

report.

28.     Lincoln states that Dr. Graham's report speaks for itself.  Lincoln denies the allegations of paragraph 28 to the extent they contradict or mischaracterize Dr. Graham's report.  Lincoln is without sufficient information to admit or deny the remaining allegations of paragraph 28 and, therefore, denies them.

29.     Lincoln states that the claim file speaks for itself.  Lincoln denies the allegations of paragraph 29 to the extent they contradict or mischaracterize the claim file.

30.     Lincoln admits Plaintiff appealed the denial of his claim.  Lincoln states that the claim file and Plaintiff's medical records speak for themselves.  Lincoln denies the allegations of paragraph 30 to the extent they contradict or mischaracterize the claim file or Plaintiff's medical records.

31.     Lincoln states that Dr. Hoenig's report speaks for itself.  Lincoln denies the allegations of paragraph 31 to the extent they contradict or mischaracterize Dr. Hoenig's report.

32.     Lincoln states that Plaintiff's employment records speak for themselves.  Lincoln denies the allegations of paragraph 32 to the extent they contradict or mischaracterize such records.

33.     Lincoln states that the referenced claim correspondence and Ms. Sucha's report speak for themselves.  Lincoln denies the allegations of paragraph 33 to the extent they contradict or mischaracterize the referenced claim correspondence or Ms. Sucha's report.

34.     Lincoln states that the referenced claim correspondence speaks for itself.

5

Lincoln denies the allegations of paragraph 34 to the extent they contradict or mischaracterize the referenced claim correspondence.

## CAUSES OF ACTION

### A.    Violation of Chapter 541 Texas Insurance Code

35.    Lincoln realleges and incorporates herein all of the responses in the foregoing paragraphs of its Answer.

36.    Lincoln states that Texas law speaks for itself.  Lincoln denies the allegations of paragraph 36 to the extent they are inconsistent with Texas law.

37.    Lincoln denies the allegations of paragraph 37 and denies the allegations of subparagraphs (a) through (e).

### B.    Violation of Chapter 542 Texas Insurance Code

38.    Lincoln realleges and incorporates herein all of the responses in the foregoing paragraphs of its Answer.

39.    Lincoln denies the allegations of paragraph 39 and denies the allegations of subparagraphs (a) through (c).

### C.    Deceptive Trade Practices

40.    Lincoln realleges and incorporates herein all of the responses in the foregoing paragraphs of its Answer.

41.    Lincoln denies the allegations of paragraph 41 and denies the allegations of subparagraph (a).

### D.    Breach of Contract

42.    Lincoln realleges and incorporates herein all of the responses in the foregoing

paragraphs of its Answer.

43.     Lincoln admits that the Policy issued to Plaintiff's employer was a valid and enforceable contract.

44.     Lincoln denies the allegations of paragraph 44.

45.     Lincoln denies the allegations of paragraph 45.

## DAMAGES

46.     Lincoln realleges and incorporates herein all of the responses in the foregoing paragraphs of its Answer.

47.     Lincoln denies the allegations of paragraph 47.

48.     Lincoln denies that Plaintiff has been damaged and denies the allegations of paragraph 48.

49.     Lincoln denies any wrongdoing and denies the allegations of paragraph 49.

50.     Lincoln denies the allegations of paragraph 50.

**A.      Economic and Actual Damages**

51.     Lincoln realleges and incorporates herein all of the responses in the foregoing paragraphs of its Answer.

52.     Lincoln denies the allegations of paragraph 52 and denies the allegations of subparagraph (a), including the allegations in subparts (i) through (iv).

**B.      Punitive, Exemplary, and Treble Damages**

53.     Lincoln realleges and incorporates herein all of the responses in the foregoing paragraphs of its Answer.

54.     Lincoln denies that it engaged in false, misleading, or deceptive conduct and

denies the allegations of paragraph 54.

55.     Lincoln denies that Plaintiff is entitled to the relief requested or the damages sought and denies the allegations of paragraph 55.

**C.     Attorneys' Fees**

56.     Lincoln realleges and incorporates herein all of the responses in the foregoing paragraphs of its Answer.

57.     Lincoln denies the allegations of paragraph 57.

## RIGHT TO AMEND

58.     The allegations of paragraph 58 are not directed at Lincoln and thus, no response is required.

## PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT

**A.     Requests for Disclosure**

59.     In response to paragraph 59, Lincoln states that discovery will be conducted under the Federal Rules of Civil Procedure.

**B.     Interrogatories**

60.     In response to paragraph 60, Lincoln states that discovery will be conducted under the Federal Rules of Civil Procedure.

**C.     Requests for Production**

61.     In response to paragraph 61, Lincoln states that discovery will be conducted under the Federal Rules of Civil Procedure.

## CONCLUSION AND PRAYER

62.     Lincoln denies that Plaintiff is entitled to any legal or equitable relief of any

kind and demands strict proof thereof.

63.     Lincoln denies that Plaintiff is entitled to any legal or equitable relief of any kind and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's petition fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Coverage for Plaintiff's claim is barred by the Policy's pre-existing conditions exclusion.

### THIRD DEFENSE

Lincoln denies that Plaintiff has been injured or damaged by Lincoln and demands strict proof thereof.  Lincoln states that its conduct at all times was reasonable and legitimate and that this action arises out of a genuine dispute between the parties.

### FOURTH DEFENSE

Plaintiff has failed to meet the conditions precedent to assert claims against Lincoln.

### FIFTH DEFENSE

Plaintiff's claims are barred because Lincoln fulfilled its contractual obligations under the Policy.

### SIXTH DEFENSE

Plaintiff's claims of punitive damages, and the provisions of Texas law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Constitution or the common law or the public policies of the United

States on the following grounds:

a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon a plaintiff's satisfaction of a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against Lincoln, which violates Lincoln's right to due process guaranteed by the United States Constitution.

c. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

d. The procedures pursuant to which punitive damages are awarded result in the imposition of different or disparate penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Lincoln's due process rights.

e. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of Lincoln's due process rights.

f.   Plaintiff's claims of punitive damages, and the provisions of Texas law governing the right to recover punitive damages or the determination of punitive damages, are unconstitutionally vague, indefinite, and uncertain, and they deprive Lincoln of due process of law.

g.   Plaintiff's claims of punitive damages, and the provisions of Texas law governing the right to recover punitive damages or the determination of punitive damages, cause Lincoln to be treated differently from other similarly situated persons/entities by subjecting Lincoln to liability beyond the actual loss, if any, caused by Lincoln's conduct, if any, and to liability determined without clearly defined principles, standards, and limits on the amount of such awards.

h.   Plaintiff's claims of punitive damages, and the provisions of Texas law governing the right to recover punitive damages or the determination of punitive damages, subject Lincoln to punishment for the conduct of others through vicarious liability, respondeat superior, or through nonapportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of Lincoln's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

i.   Plaintiff's claims for punitive damages, and the provisions of Texas law governing the right to recover punitive damages or the determination of punitive damages, expose Lincoln to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Lincoln's conduct, creating a chilling effect on Lincoln's exercise of its right to a judicial resolution of this dispute.

11

j.  Plaintiff is not entitled to recover punitive damages because it violates the self-incrimination clause of the Fifth Amendment to the United States Constitution to impose against Lincoln punitive damages, which are penal in nature, yet compel Lincoln to disclose potentially incriminating documents and evidence.

k.  An award of punitive damages in this case would constitute a deprivation of property without due process of law.

l.  The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

m.  The procedures pursuant to which punitive damages are awarded subject Lincoln to punishment under a law not fully established before the alleged offense.

## SEVENTH DEFENSE

Plaintiff's claims for punitive damages, and any award thereof, would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Texas Constitution.

## EIGHTH DEFENSE

Plaintiff's claims for punitive damages are barred because an award of punitive damages under Texas law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

## NINTH DEFENSE

Plaintiff's claims for punitive damages are barred to the extent that they seek the admission into evidence of Lincoln's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages

12

are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Texas Constitution.

## TENTH DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, Plaintiff's claims for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Lincoln's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the Texas Constitution. These rights will be violated unless Lincoln is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by Lincoln for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

## ELEVENTH DEFENSE

Plaintiff's claims for punitive damages against Lincoln cannot be upheld to the extent they are based on purported activities in other states (1) which may not violate the laws of those other states or (2) for which no evidence is presented establishing that the activities violate the laws of those other states; to do so would be to violate Lincoln's rights under the Texas Constitution and the United States Constitution.

## TWELFTH DEFENSE

Plaintiff's claims for punitive damages against Lincoln cannot be upheld to the extent they are a violation of any law passed by the United States Congress or the Texas Legislature limiting awards of punitive damages.

## THIRTEENTH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld to the extent they violate or contravene the holding of the United States Supreme Court in *BMW v. Gore*, 116 S. Ct. 1589 (1996) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## FOURTEENTH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld under *BMW v. Gore*, 116 S. Ct. 1589 (1996), to the extent they seek to punish, influence, or change Lincoln's policies or practices nationwide rather than Lincoln's policies or practices which occurred in this state.

## FIFTEENTH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld under *BMW v. Gore*, 116 S. Ct. 1589 (1996), to the extent they consider profits, if any, earned by Lincoln other than profits earned in this state which relate to the alleged wrongful conduct at issue.

## SIXTEENTH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld under *BMW v. Gore*, 116 S. Ct. 1589 (1996), to the extent they are not based on the least drastic remedy or lowest amount of punitive damages that could be expected to ensure that Lincoln will more fully comply with this state's laws in the future.

14

**SEVENTEENTH DEFENSE**

The United States Constitution does not establish a right to jury trial for punitive damages.  *See Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001).  Any claim for a jury trial on punitive damages is to be stricken.

**EIGHTEENTH DEFENSE**

Lincoln reserves the right to assert additional defenses as discovery progresses in this case.  To the extent that any of the allegations in the petition have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

/s/ E. Sawyer Neely
E. Sawyer Neely (State Bar No. 24041574)
BRADLEY ARANT BOULT CUMMINGS LLP
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
214.939.8722 (p)
214.939.8787 (f)
sneely@bradley.com

Jason A. Walters *(pro hac vice forthcoming)*
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203
205.521.8000 (p)
205.521.8800 (f)

*Attorneys for The Lincoln National Life Insurance Company and Lincoln National Corporation d/b/a Lincoln Financial Group*

16

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served upon the following by U.S. First Class Mail, postage pre-paid:

Wesley M. Hightower
M. Chase Price
Blaies & Hightower LLP
420 Throckmorton Street, Suite 1200
Fort Worth, Texas 76102
weshightower@bhilaw.com
cprice@bhilaw.com

Trey Harlin
Trey Harlin, P.C.
5752 Boat Club Road, Suite 400
Fort Worth, Texas 76179
trey@harlinlaw.com

*/s/ E. Sawyer Neely*
OF COUNSEL

17